Case 1:21-cv-11023-JGK   Document 16   Filed 02/15/22   Page 1 of 4
DocuSign Envelope ID: F7AF89E5-BC00-4831-97F9-B4423651B5204
Case 1:21-cv-11023-JGK   Document 14   Filed 02/15/22   Page 3 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHERYL HAGER-REILLY,

                              Plaintiff,

      -against-

SCO FAMILY OF SERVICES,

                              Defendant.
------------------------------------------------------------x

**PROTECTIVE ORDER**

Civ. No.: 21-CV-11023 (JGK)

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a.      The requesting party and counsel, including in-house counsel;

1

Case 1:21-cv-11023-JGK   Document 16   Filed 02/15/22   Page 2 of 4
DocuSign Envelope ID: F7AF89E5-BC00-4031-97F9-8443365B5304
Case 1:21-cv-11023-JGK   Document 14   Filed 02/15/22   Page 4 of 6

  b. Employees of such counsel assigned to and necessary to assist in the litigation;

  c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

  d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

  e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

  a. inform the person of the confidential nature of the information or documents; and

  b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential

Case 1:21-cv-11023-JGK Document 16 Filed 02/15/22 Page 3 of 4
DocuSign Envelope ID: F7AF89E5-BC00-4031-97E9-84423656B5304
Case 1:21-cv-11023-JGK Document 14 Filed 02/15/22 Page 5 of 6

Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

| | |
|---|---|
| THE LAW OFFICE OF KAREEM E. ABDO<br>*ATTORNEY FOR PLAINTIFF*<br>30 Wall Street, Floor 8<br>New York, New York 10005<br>(212) 439-4723 | JACKSON LEWIS P.C.<br>*ATTORNEYS FOR DEFENDANT*<br>58 South Service Road<br>Melville, New York 11747<br>(631) 247-0404 |
| By: /s/ Kareem E. Abdo<br>KAREEM ABDO, ESQ. | By: *Ana Shields*<br>ANA C. SHIELDS, ESQ.<br>2/15/2022 |
| Dated: February 11, 2022 | Dated: February , 2022 |

So Ordered: _____
JOHN G. KOELTL
United States District Judge
2/15/22

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*

*So ordered.*
*[signature]*
*U.S.D.J.*
*2/15/22*

3

Case 1:21-cv-11023-JGK   Document 16   Filed 02/15/22   Page 4 of 4
DocuSign Envelope ID: F7AF89E5-BC00-4031-97EC-B443365B5204
Case 1:21-cv-11023-JGK   Document 14   Filed 02/15/22   Page 6 of 6

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Cheryl Hager-Reilly v. SCO Family of Services, Civ. No. 21-CV-11023 (JGK)</u> have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Signature: _____

Dated: _____

Signed in the presence of:

_____
(Attorney)

4881-8534-2477, v. 1