UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL HAGER-REILLY,

                Plaintiff,

-v-                                        CIVIL ACTION NO.: 21 Civ. 11023 (JGK) (SLC)

                                                     **ORDER**

SCO FAMILY OF SERVICES,

                Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the telephonic status conference held today, January 4, 2023 (the "Conference"), the Court orders as follows:

1. Despite receiving a mailed order advising pro se Plaintiff Cheryl Hager-Reilly ("Ms. Hager-Reilly") of the Conference (see ECF min. entry Dec. 21, 2022), Ms. Hager-Reilly did not appear. Ms. Hager-Reilly is advised that she must attend conferences scheduled by the Court, or if she is unable to attend, timely advise the Court. Conferences with the Court are not optional. Ms. Hager-Reilly is cautioned that failure to attend conferences with the Court, absent extraordinary circumstances, may result in sanctions, including dismissal of the action for failure to prosecute. See Murray v. Smythe, No. 18 Civ. 4705 (KMK), 2020 WL 4482644, at *2 (S.D.N.Y. Aug. 3, 2020) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)); see also Yacub v. Coughlin, 105 F.R.D. 152, 153 (S.D.N.Y. 1985) (finding the Court "ha[d] no choice but to dismiss [plaintiff's] complaint with prejudice for want of prosecution" where, inter alia, plaintiff failed "to attend the pretrial conference scheduled in this case").

2. Defendant's counsel represented during the Conference that Ms. Hager-Reilly has failed to comply with the Court's November 21, 2022 and December 20, 2022 orders directing her to produce several categories of documents to Defendants. (ECF Nos. 73; 93 (the "Discovery Orders")). As a courtesy, given Ms. Hager-Reilly's pro se status, the Court affords her a final extension to comply with the Discovery Orders. Thus, by **Friday, January 13, 2023**, Ms. Hager-Reilly shall produce her bank statements, pay stubs, Forms W-2, and search her personal email for relevant, non-privileged communications regarding her employment with the Defendant or this action, in accordance with the Discovery Orders. (ECF Nos. 73; 93). The Court has already cautioned Ms. Hager-Reilly that failure to comply with the Discovery Orders may result in sanctions. (ECF No. 93 at 2). However, because a "'party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation,'" In re Sims, 534 F.3d 117, 133 (2d Cir. 2008) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)), the Court cautions Ms. Hager-Reilly once more that failure to comply with the Discovery Orders may also be cause for sanctions, including dismissal of the action for failure to prosecute. See Murray, 2020 WL 4482644, at *2 (citing Link, 370 U.S. at 630). This constitutes Ms. Hager-Reilly's final warning of her need to comply with the Discovery Orders.

3. By **Friday, January 6, 2023**, Defendant shall file a letter-motion regarding the notes Ms. Hager-Reilly had at her deposition, attaching relevant portions of the transcript (the "Letter-Motion"). By **Friday, January 13, 2023**, Ms. Hager-Reilly shall file her response to the Letter-Motion.

4. The fact discovery deadline is EXTENDED to **Monday, February 6, 2023**. By **Monday, February 13, 2023**, the parties shall submit a joint letter certifying the completion of fact discovery.

Dated:   New York, New York
          January 4, 2023          SO ORDERED.

*[Signature]*
SARAH L. CAVE
United States Magistrate Judge