UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL HAGER-REILLY,

                        Plaintiff,

  -v-                                                CIVIL ACTION NO.: 21 Civ. 11023 (JGK) (SLC)

                                                          **ORDER**

SCO FAMILY OF SERVICES,

                        Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of the letter-motion filed by pro se Plaintiff Cheryl Hager-Reilly ("Ms. Hager-Reilly") indicating that she does not understand portions of the Court's order dated January 4, 2023. (ECF No. 95 (the "Letter-Motion"); see ECF No. 94 (the "Jan. 4 Order")). The Court construes the Letter-Motion as a motion for clarification of the Jan. 4 Order, and the Letter-Motion is GRANTED IN PART.

First, Ms. Hager-Reilly indicates in the Letter-Motion that she "does not understand" the Court's directive in the Jan. 4 Order that she produce to Defendant, by Friday, January 13, 2023, her bank statements, pay stubs, and Forms W-2 (the "Documents to be Produced"), in accordance with ECF Nos. 73 (the "Nov. 21 Order") and 93. (ECF No. 95 at 2). Ms. Hager-Reilly objects on the basis that she "do[es] not understand" the Court's directive, and "[t]here is not a specific time frame[,] and therefore" the Court's directive "is ambiguous." (Id.) The answers to Ms. Hager-Reilly's questions, however, are outlined in the Nov. 21 Order. (See ECF No. 73). According to the Nov. 21 Order,

1. Ms. Hager-Reilly shall re-produce to Defendant her bank statements from **January 1, 2021** to the **present**, removing the previous redactions to a) all compensation and/or benefits she received from any employer, and b) the dates on which she received that compensation.  As ordered previously, as Ms. Hager-Reilly receives additional compensation and/or benefits from any employer she has a **continuing obligation** to produce new bank statements. (See ECF Nos. 54; 62).

2. Ms. Hager-Reilly shall access the New York City Board of Education portal and download **all** available **2021** pay stubs for production to Defendant.

3. Ms. Hager-Reilly shall produce **all** Forms W-2 received from **any** employer in **2021**.

(ECF No. 73 at 1–2 (emphasis added)).  As highlighted above, there is no ambiguity as to the time frames of the Documents to be Produced.

Second, Ms. Hager-Reilly also objects to the Court's directive that she conduct a reasonable search, of her personal email (i.e., her Hotmail account) for relevant, non-privileged communications regarding her employment with the Defendant or this action for production to Defendant (the "Emails").  (ECF No. 95 at 2).  Specifically, Ms. Hager-Reilly objects to the search and production of the Emails because they "are not the best evidence."  (Id.)  Additionally, Ms. Hager-Reilly informs the Court that she "do[es] not understand what these requests accomplish and when [she] ask[s], [she is] made to feel frightened for asking for such detail.  If there is a specific location then that should be requested . . . . These requests are not relevant, and do not make sense."  The Court addressed the Emails in the telephonic conference held on November 18, 2022 and, in the Nov. 21 Order, ordered that Ms. Hager-Reilly search for the Emails.  (See ECF Nos. 73 at 2; 74 at 14–20).  Ms. Hager-Reilly's unsupported belief that the Emails

2

are not the "best evidence" is not a valid ground for refusing to conduct the search, which is long overdue.  As noted in the Jan. 4 Order, however, the Court has granted Ms. Hager-Reilly a final extension, until **Friday, January 13, 2023**, to comply with the Nov. 21 Order.  (ECF No. 94 at 2). Failure to conduct the search will constitute violation of a Court order, for which sanctions may be imposed.

Third, Ms. Hager-Reilly informs the Court that she has not received any of the Court's previous warnings regarding compliance with Court orders.  Given that her former counsel was explicitly directed to remind her "that failure to comply with her discovery obligations under the Federal Rules of Civil Procedure and this Court's orders may result in sanctions, including dismissal of the action for failure to prosecute. See Murray v. Smythe, 18 Civ. No. 4705 (KMK), 2020 WL 4482644, at *2 (S.D.N.Y. Aug. 3, 2020) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962))[,]" (ECF No. 73 at 1; see ECF Nos. 93; 94), the Court, nevertheless, reminds Ms. Hager-Reilly that it has not yet issued or recommended sanctions.  The Court accepts Ms. Hager-Reilly's response as an acknowledgment of her understanding of the consequences of her failure to comply with the Court's orders.

Finally, Ms. Hager-Reilly is reminded that there is a legal clinic in the Southern District of New York to assist parties in civil cases who do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of or run by the Court and it cannot accept filings on behalf of the Court. The Clinic is located at the Thurgood Marshall United States Courthouse, 40 Centre Street, Room LL22, New York, New York 10007, which is just inside the Pearl Street entrance to the Courthouse. The Clinic is open on weekdays from 10:00

a.m. to 4:00 p.m., except on days when the Court is closed. An unrepresented party can make an appointment in person or by calling (212) 659-6190.

The Clerk of Court is respectfully directed to mail a copy of this Order, and ECF Nos. 54, 62, 73, 74, and 93 to Ms. Hager-Reilly at the address below.  To the extent the address below does not reflect Ms. Hager-Reilly's current address, she must **promptly** advise the Court of her current address to ensure she receives all communications from the Court.

Dated: New York, New York
January 6, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

Mail To: 3824 Waldo Avenue
Apartment E5
Bronx, N.Y. 10463

4