UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL HAGER-REILLY,

                Plaintiff,

-v-

SCO FAMILY OF SERVICES,

                Defendant.

CIVIL ACTION NO.: 21 Civ. 11023 (JGK) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On February 3, 2023, the Court issued an order directing Defendant SCO Family of Services ("SCO") to email pro se Plaintiff Cheryl Hager-Reilly ("Ms. Hager-Reilly") a copy of all documents that SCO previously produced in this action, including any copies of any transcripts of depositions (the "SCO Discovery"), and provide Ms. Hager-Reilly with a reasonable list of email search terms (the "Search Terms"), which she would promptly apply to search her personal email (i.e., her Hotmail account) for relevant, non-privileged communications regarding her employment with SCO or this action (the "Personal Email Search"). (ECF No. 111 at 1). Ms. Hager-Reilly was directed to produce to SCO the emails located during the Personal Email Search. (Id. at 2). On February 28, 2023, Ms. Hager-Reilly filed a letter advising the Court that she had applied the Search Terms to her inbox, produced relevant, non-privileged communications to SCO, and requested an extension of time to review the SCO Discovery. (ECF No. 112). On March 1, 2023, the Court acknowledged Ms. Hager-Reilly's effort to produce additional documents ahead of the discovery deadline and reminded the parties of the deadline to file a joint letter certifying the completion of fact discovery. (ECF No. 113).

On March 6, 2023, Ms. Hager-Reilly filed a letter advising the Court that SCO's counsel requested that she produce (i) "a portion of an email" and (ii) the 2022 W-2 Form from Wyzant tutoring (the "Wyzant W-2").  (ECF Nos. 114 – 114-1).  Ms. Hager-Reilly affirmed that she has not withheld any discovery and was "pretty certain" that she sent the Wyzant W-2 to SCO.  (ECF No. 114).  On March 7, 2023, SCO filed a letter advising the Court that Ms. Hager-Reilly "declined" to produce the Wyzant W-2 and that, despite Ms. Hager-Reilly's compliance with the Personal Email Search, she only sent portions of email exchanges (the "Missing Emails").  (ECF No. 115).  SCO affirmed that, except for the Wyzant W-2 and the Missing Emails, fact discovery was complete.  (Id.)  On March 8, 2023, the Court directed Ms. Hager-Reilly to:  "conduct one comprehensive but final search to locate and produce" the Missing Emails, and either re-produce or advise the counsel of SCO of the date on which she produced the Wyzant W-2.  (ECF No. 116 (the "Mar. 8 Order")).

On March 13, 2023, Ms. Hager-Reilly filed a letter apprising the Court that she had not received the Mar. 8 Order.  (ECF No. 117).  On March 14, 2023, the Court granted Ms. Hager-Reilly a final extension to complete her production of the items listed in the Mar. 8 Order (see ECF No. 118 at 1 (the "Mar. 14 Order")), and directed counsel for SCO to serve the Mar. 8 and 14 Orders (together, the "Orders") on Ms. Hager-Reilly.  (Id. at 2).  On March 15, 2023, SCO filed proof of service of the Orders on Ms. Hager-Reilly.  (ECF No. 119).  That same day, Ms. Hager-Reilly filed a letter indicating that she "search[ed] again for [the Missing Emails], and all that [she] can find is what was already supplied to" counsel for SCO.  (ECF No. 120).

On March 22, 2023, SCO filed a letter advising the Court that, except for the Missing Emails and the Wyzant W-2, fact discovery was complete.  (ECF No. 121).  Attached to SCO's letter

was an email from Ms. Hager-Reilly, which she asked be submitted to the Court, in which she complained that SCO was "continu[ing] to have [her] put [her] efforts towards the outcome of portions of an email and a random W2." (ECF No. 121-1 at 2). The Court infers from Ms. Hager-Reilly that she does not intend to make any further effort to search for and produce the Missing Emails and the Wyzant W-2. That is her prerogative, but Ms. Hager-Reilly is warned that refusal to comply with Court orders may result in sanctions, including monetary sanctions, preclusion of evidence at trial, and dismissal, should SCO decide to seek them. See Fed. R. Civ. P. 37(b)(2)(A), (C).

Accordingly, the Court orders as follows:

1. The Court deems fact discovery closed at this time, and refers the parties to the Honorable John G. Koeltl's Individual Practices for any anticipated dispositive motion practice, which requires the parties to request a pre-motion conference prior to submitting any anticipated motions for summary judgment.[1]

2. SCO's right to make all arguments in connection to Ms. Hager-Reilly's failure to produce the Missing Emails and the Wyzant W-2 is preserved.

The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Hager-Reilly at the address below

Dated:     New York, New York
           March 22, 2023                         SO ORDERED.

                                                  _____
                                                  SARAH L. CAVE
                                                  United States Magistrate Judge

---

[1] See Individual Practices of John G. Koeltl, https://nysd.uscourts.gov/sites/default/files/practice_documents/JGK%20Judge%20Koeltl%20Individual%20Rules%207.6.22.pdf (last visited Mar. 22, 2023).

<u>Mail</u> <u>To</u>:    3824 Waldo Avenue
Apartment E5
Bronx, N.Y. 10463